UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AUGUSTO JOSE REYES GOMEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-173 |
| | § | |
| WARDEN, EL VALLE DETENTION FACILITY, | § | |
| *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Augusto Jose Reyes is in the custody of Immigration and Customs Enforcement at the El Valle Detention Center in Willacy, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A), alleging claims based on due process and equal protection rights under the Fifth Amendment. He also challenges through the Administrative Procedure Act the procedures that Respondents applied to re-detain him.

For the following reasons, the Court concludes that Petitioner's claims do not present a viable basis for relief.

## I.      Due Process Challenge

On February 6, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which foreclosed statutory arguments based on Respondents application of 8 U.S.C. § 1225(a)(2)(B). Petitioner correctly notes that *Buenrostro* did not address whether the Fifth Amendment's Due Process Clause permits Respondents to detain an individual under Section 1225(b)(2)(A) without an opportunity to seek bond. And he argues that his circumstances establish a due process violation.

Other courts have considered and rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025);

1 / 4

*Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.   For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment, whether considering his claims as a facial challenge or as-applied challenge.

## II.    Re-detention After Prior Release

Petitioner alleges that having initially detained him under Section 1226, and through which he obtained release, Respondents cannot reclassify and detain him under Section 1225(b)(2)(A) without notice or other procedural protections, including a bond hearing. Petitioner brings this challenge under the Administrative Procedure Act

As *Buenrostro* explained, Sections 1225 and 1226 "overlap[,]" rendering some aliens potentially covered by both statutes. *Buenrostro-Mendez*, 166 F.4th at 503. The Fifth Circuit recognized that "[i]n contrast to past administrations, the current Administration has chosen to exercise a greater portion of its authority by treating applicants for admission under the provision designed to apply to them"–i.e., Section 1225. *Id.*, at 507.  Here, while the United States initially detained Petitioner under Section 1226, Petitioner identifies no statutory or regulatory provision preventing Respondents from now exercising its authority under Section 1225, which, under

*Buenrostro*, has applied to Petitioner since he entered the country without being admitted or paroled.

Ultimately, Petitioner enjoyed liberty within the United States for some years when past administrations exercised their discretion to forego applying Section 1225 to him.  But no statutory or regulatory provision, and no Constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under Section 1225.

In addition, Section 1225(b)(2)(A) contains a material procedural protection by requiring detention only if a USCIS officer determines that an alien "is not clearly and beyond a doubt entitled to be admitted."  Thus, any alien has the opportunity to demonstrate clear entitlement to admission, thus avoiding the statute's mandatory detention provision.  Here, Petitioner does not assert that he could make such a showing or that he was prevented from attempting to do so.

### III.    Equal Protection Claim

Petitioner also alleges that "Respondents treat Petitioner—who entered the United States without inspection four years and seven months ago—fundamentally differently from a noncitizen who entered lawfully but overstayed a visa for many years." (Pet., Doc. 1, 10)  He claims that this alleged distinction violates the equal  protection principles within the Fifth Amendment.

"Fifth Amendment equal protection claims against federal actors are analyzed under the same standards as Fourteenth Amendment equal protection claims against state actors." *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017).  The Fifth Circuit has applied rational basis review to analogous equal protection challenges in the immigration context. *See, e.g.*, *Cali v. Cravener*, 214 F.3d 639, 2000 WL 554958, at *1 (5th Cir. 2000) (per curiam) (unpubl.) ("The court has determined that there is a rational basis for treating excludable aliens more deferentially than deportable aliens and that the difference in treatment of different classes of aliens does not constitute an equal protection violation."); *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 308 (5th Cir. 1999) ("Even assuming that aliens in deportation proceedings are 'similarly situated' to

those in exclusion proceedings, there is a rational basis for the distinction."). While those decisions did not consider the statutes at issue in the present case, they confirm that rational basis review applies, and that the United States can possess rational grounds to treat certain aliens different from others. In *Buenrostro*, the Fifth Circuit recognized that Respondents' application of Section 1225(b)(2)(A) "better honors predominant goals in the enactment of the [governing statute]." *Buenrostro*, 166 F.4th at 508. As a result, the Court finds that Respondents' policy does not violate equal protection principles encompassed by the Fifth Amendment.

For these reasons, the Court concludes that Petitioner is not entitled to relief. Accordingly, it is:

**ORDERED** that Petitioner Augusto Jose Reyes's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on May 21, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge